United States District Court for the
District of Massachusetts

```
                                    )
Employers Mutual Casualty Company,  )
                                    )
         Plaintiff,                 )
                                    )
     v.                             )   Civil Action No.
                                    )   25-10457-NMG
Lowell Fleet Maintenance, LLC, et   )
al.,                                )
                                    )
         Defendants.                )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Employers Mutual Casualty Company ("plaintiff" or "EMC") seeks a declaratory judgement that it is not obligated to defend or indemnify Lowell Fleet Maintenance, LLC ("defendant" or "LF Maintenance") under certain insurance policies. Pending before this Court is a motion by defendant to consolidate this action with two later-filed actions. For the following reasons, the motion will be allowed.

I.  **Background**

   A.  **Factual History**

The present declaratory judgment action arises from a motor vehicle accident that occurred on October 8, 2022, involving a tow truck owned by Lowell Fleet Towing Inc. ("LF Towing"), a wholly-owned subsidiary of the defendant. The pleadings allege that the tow truck, operated by George Childs ("Childs"), rear-

-1-

ended an Uber vehicle while traveling on Interstate 93 in Boston. The collision caused severe injuries to the Uber's driver, Driss Angari ("Angari"), and fatal injuries to Angari's passengers, Delanie Caitlin Fekert ("Fekert") and Urushi Madani ("Madani", jointly "decedents").

Following the accident, decedents' estates filed suit in Massachusetts Superior Court against LF Maintenance, LF Towing and Childs claiming wrongful death, gross negligence and conscious pain and suffering. The actions against the three separate defendants were consolidated in state court. Angari and his wife, Hayat Chabouni, also filed suit against the same parties in Massachusetts state court. Collectively, the several actions will be referred to as the "Underlying Actions."

Defendant, LF Maintenance, is the named insured on three insurance policies whose coverage periods include the accident date. The issuer is EMC. The issued policies include: 1) a general liability policy, No. 5D7-34-55-23, (the "GL Policy"); 2) a business auto policy, No. 5Z7-34-55-23, (the "Auto Policy"); and 3) a commercial umbrella policy, No. 5J7-34-55-23, (the "Umbrella Policy").

On January 8, 2025, LF Maintenance tendered the Underlying Action to EMC, seeking defense and indemnification against the claims asserted. On January 30, 2025, EMC issued a Coverage Letter to LF Maintenance denying any obligation to defend and

indemnify it against the Underlying Actions under the Auto Policy and the Umbrella Policy but agreeing to defend LF Maintenance under its GL Policy with a reservation of rights, including the right to seek declaratory judgment against its insured.

### B.    Procedural History

In February, 2025, EMC filed this action for declaratory judgment on its obligations to LF Maintenance under the GL, Auto and Umbrella policies ("the present action"). In June, 2025, EMC filed an additional declaratory judgment action ("the second action") against LF Maintenance, Angari and Chabouni. Employers Mutual Casualty Company v. Lowell Fleet Maintenance, LLC; Driss Angari; and Hayat Chahbouni, No. 25-cv-11812-NMG. The second action seeks a declaratory judgement that EMC is not obligated to defend or indemnify LF Maintenance under the GL, Auto or Umbrella policies against claims made by Angari in relation to the severe injuries he suffered in the accident.

In August, 2025, LF Towing filed a claim for declaratory judgment ("the third action") seeking a determination that an auto policy issued by non-party, Pilgrim Insurance Company ("Pilgrim"), qualifies as "underlying insurance" under the EMC umbrella policy. (Lowell Fleet Towing, Inc. v. Employers Mutual Casualty Company, No. 25-cv-12369-NMG). LF Towing also seeks a

determination as to the applicability of the "auto coverages" exclusion in the umbrella policy.

## II. Motion to Consolidate

A court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). First, the court must determine if the "proceedings involve a common party *and* common issues of fact or law." Seguro de Servicio de Salud v. McAuto Sys. Grp., Inc., 878 F.2d 5, 8 (1st Cir. 1989). If they do, the court must then weigh "the cost and benefits of consolidation." Id. If the threshold question of commonality is resolved in favor of consolidation, the motion is typically granted unless the party opposing it can show "demonstratable prejudice." Id.

### A. Threshold Question of Commonality

First, as to commonality of parties, although the three subject actions do not involve identical parties, they all involve EMC and either LF Maintenance or LF Towing.

Second, with respect to the facts and issues, all three actions arise from the vehicle accident on October 8, 2022, and the related insurance policies. They also depend upon the same common question: whether EMC is obligated to defend and indemnify LF Towing and LF Maintenance in the Underlying Actions.

EMC counters that the cases have factual and procedural differences that render consolidation inappropriate. While there are some distinct issues in the actions, they do not negate the fact that the suits are nearly identical and revolve around the same set of facts. See Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 102 (D. Mass. 2001) (requisite commonality for consolidation purposes was present where two actions involved some common, but not identical, facts and issues of law).

In sum, the common question of coverage is sufficient to meet the initial threshold of Fed. R. Civ. P. 42(a).

**B.  Costs and Benefits**

The benefits of consolidation significantly outweigh any drawbacks. First, discovery has not begun in any of the three underlying actions. LF Maintenance has indicated, and EMC has conceded, that discovery is likely to overlap significantly. See Piercy v. AT&T Inc., 348 F.R.D. 1, 3 (D. Mass. 2024). Second, the attorneys in all three cases are the same and, from a practical and logistical standpoint, there is no reason not to consolidate the cases. Norton Lilly Int'l, Inc. v. Puerto Rico Ports Auth., 18-cv-1012, 2019 WL 13094747, at *4 (D.P.R. May 16, 2019). Third, and importantly, EMC has not demonstrated that it will be prejudiced by consolidation. Its potential defenses to

coverage may differ but that does not warrant the maintenance of three separate suits.

Because there is significant overlap in the issues, the benefits to evaluate them all together outweigh any risk of confusion. Rebarber-Ocasio v. Feliciano-Munoz, No. 3:18-cv-01218-JAW, 2021 U.S. Dist. LEXIS 196745, at *9 (D.P.R. Oct. 12, 2021) ("Even though there are differences between the legal theories in the two cases, in the Court's view, those differences are mitigated by the presence of common evidence and common law.").

### ORDER

For the foregoing reasons, defendant's motion to consolidate (Docket No. 38) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 3, 2025